IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

**GORJIAN HOLLYWOOD LLC**

    **Plaintiff,**

**v.**                                                                    **No. 1:21-cv-1068**
                                                                        **JURY DEMANDED**

**FRANKENMUTH MUTUAL INSURANCE COMPANY**

    **Defendant.**

---

## COMPLAINT
---

COMES NOW the Plaintiff, Gorjian Hollywood LLC, and for its Complaint against Frankenmuth Mutual Insurance Company would state and show as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Gorjian Hollywood LLC ("Plaintiff") is a limited liability company organized pursuant to the laws of the State of Tennessee. Plaintiff's sole member is a resident of the State of New York. Plaintiff's principal address is located in Great Neck, New York. At all times relevant hereto, Plaintiff owned the structure located at 903 Hollywood Drive, Jackson, Tennessee (the "Insured Premises").

2. Frankenmuth Mutual Insurance Company ("Frankenmuth" or "Defendant") is an insurance company conducting business in the State of Tennessee, including Madison County, Tennessee. Frankenmuth is a corporation formed under the laws of the State of Michigan, with its principal place of business located at One Mutual Avenue, Frankenmuth, Michigan.

3. This Complaint originates as the result of a storm event that damaged the building located at the Insured Premises and Defendant's wrongful failure and refusal to promptly and fully pay Plaintiff's claim for insurance proceeds.

4. Complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332 and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  Venue is proper in this Court because the Insured Premises giving rise to the insurance dispute in controversy is located in Madison County, Tennessee.

**FACTS**

5. At all times relevant hereto, Plaintiff and Defendant were parties to an insurance contract whereby Defendant agreed to insure the structure located on the Insured Premises against property damage, bearing Policy No. 6646167 (the "Policy").

6. As relevant hereto, the Policy's term was October 31, 2019 to October 31, 2020.

7. At all times relevant hereto, a commercial building was located on the Insured Premises with low-slope roofing.  The roofing system of the structure is comprised of a single ply PVC membrane with a metal mansard façade located on the front and left ends of the building.

8. The Policy provided insurance coverage for loss or damage to the building located on the Insured Premises.

9. The Policy is an "all risk" policy, which means that it provides insurance coverage for all risks of direct physical loss or damage to covered property unless specifically excluded or limited by the Policy.

10. As set forth in the Policy's declarations, coverage for the building on the Insured Premises was on a "replacement cost" valuation basis, which means that coverage is provided on a replacement cost basis without deduction for depreciation.

11. Pursuant to the Policy and at all times relevant to this Complaint, Plaintiff paid the required premiums to Defendant in exchange for insurance coverage as set forth in the Policies.

12. The building on the Insured Premises was struck by a severe storm event with large hail on May 3, 2020 or at other times during the term of the Policy. The storm caused substantial damage to the Insured Premises (the "Loss").

13. As a result of the Loss, the buildings located on the Insured Premises suffered immediate and direct physical loss, including but not limited to hail caused dents to the metal mansards, hail damage to the building's HVAC units, and hail damage to the building's roofing system.

14. Upon discovery of the damage after leaks in and/or after May 2020, Plaintiff promptly reported the Loss to Defendant.

15. The Policy was in full force and effect at the time of the Loss, and the Loss is a compensable claim under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

16. After the Loss and after reporting the claim, Plaintiff fulfilled all duties imposed upon it by the Policy.

17. In February 2021, Defendant denied Plaintiff's claim for insurance proceeds, claiming the hail damage occurred prior to the inception of the Policy.

18. Defendant's assertion that the damage occurred prior to its insuring the Insured Premises is false. Defendant itself inspected the Insured Premises in early 2020 as part of its underwriting and found no hail damage. Additionally, other inspections conducted in 2017 and March 2020 confirm there was no hail damage to the Insured Premises at the time of those pre-Loss inspections.

19. Despite the fact that Plaintiff has fulfilled all duties imposed upon it by Defendant and is at no fault in this matter, Defendant has failed to fully and promptly pay Plaintiff's claims for insurance proceeds.

20. To date, Defendant has failed and refused to fully and properly pay Plaintiff's claim as required by the Policy.

21. There is no reasonable coverage dispute or other justifiable reason for Defendant's failure to pay Plaintiff's claims associated with the damage sustained.

22. Defendant's failure to timely pay Plaintiff the amounts owed pursuant to the Policy is without justification.

23. Defendant's failure to pay the money and benefits due and owing Plaintiff under the Policy has caused it to initiate this lawsuit to recover the insurance proceeds to which it is entitled.

24. As a direct and proximate cause of Defendant's actions/inactions, Plaintiff has sustained substantial compensable losses, including all amounts due Plaintiff under the Policy and other such costs and expenses incurred as a result of Defendant's wrongful conduct.

## CAUSES OF ACTION

### Count I – Breach of Contract

25. The allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference, as if set forth verbatim.

26. The Policy is a binding contract and is supported by valid consideration.

27. Defendant is in total, material breach of the Policy, and Defendant is liable to Plaintiff under the Policy for the Loss. Specifically, Defendant breached its contract with Plaintiff

by its failure and refusal to fully and promptly pay the amounts owed to Plaintiff as a result of the Loss as required by the terms of the Policy.

28. As a result of Defendant's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts owed pursuant to the Policy, including but not limited to the replacement cost value and/or actual cash value of the damage to the buildings located on Insured Premises, as well as consequential damages, plus interest thereon.

29. Defendant's actions and breaches have further caused Plaintiff great and substantial harm due to the fact that it has been unable to replace much of the damage caused by the Loss as a result of the financial hardship unduly placed upon it as a direct and proximate result of Defendant's failure to pay Plaintiff the proper amounts as required by the Policy.

30. Defendant is liable to Plaintiff for its losses.

31. Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. Oct. 31, 2013). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claims when liability was clear; (2) refused and failed to conduct a reasonable investigation of Plaintiff's claims based on all available information; (3) unjustly refused to pay Plaintiff's claims for its own financial preservation with no reasonable or justifiable basis; (4) refused and failed to obtain all reasonably available information and generally ignored evidence that the damage sustained as a result of the Loss is compensable pursuant to the terms of the Policy; (5) failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies; (6) failed to treat Plaintiff's interests equal to that of its own; (7) failed to promptly provide Plaintiff with a reasonable explanation for its

refusal to fully pay Plaintiff's claim; (8) failed to timely and fully pay all amounts due and owing under the Policy with no reasonable or justifiable basis; (9) agreed and acknowledged there was covered damage to the Insured Premises but then refused to pay anything for the damage that was acknowledged on the fraudulent basis that the damage pre-existed the issuance of the Policy; (10) engaged biased consultants to assist with its investigation of the Loss to avoid payment obligations; (11) delayed its handling of the claim and refused to make prompt payments or otherwise conclude it investigation and adjustment of the Loss; (13) ignored the engineering reports of Plaintiff's retained engineer and also Defendant's own pre-loss inspection surveys that showed no pre-Loss hail damage and also the pre-Loss inspection reports of independent inspectors that also showed no pre-Loss hail damage to the Insured Premises; and (12) engaged in such other acts toward Plaintiff that are contrary to the duties owed to Plaintiff.  Defendant knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due it under the terms of the Policy.  Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendant consciously refused to fully compensate Plaintiff for its losses, and withheld monies and benefits rightfully due Plaintiff.  In so acting, Defendant intended to and did injure Plaintiff in order to protect its own financial interest and should be punished.  Plaintiff seeks, and is entitled to, punitive damages.

      WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that proper process be issued and served on Defendant requiring it to answer or otherwise respond in the time period allotted by law, and that this Honorable Court award judgment against Defendant as follows:

A. For compensatory damages in an amount to be determined by the jury for the amount owed pursuant to the Policy, plus consequential damages;

B. For punitive damages in an amount to be determined by the jury or in such amount as the law may allow;

C. For all costs incurred as a result of this action;

D. For pre- and post-judgment and interest; and

E. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury.

Respectfully submitted,

McWHERTER SCOTT & BOBBITT PLC

s/ *J. Brandon McWherter*
J. BRANDON McWHERTER #21600
brandon@msb.law
JONATHAN L. BOBBITT #23515
jonathan@msb.law
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee 37067
(615) 354-1144

CLINTON H. SCOTT #23008
clint@msb.law
54 Exeter Rd., Suite D
Jackson Tennessee 38305
(731) 664-1340

*Attorneys for Plaintiff*